

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John A. Menefee
County Attorney
Upton County
Rankin, Texas

Dear Sir:

Opinion No. O-5198
Re: Under the facts submitted can
the present Commissioners'
Court of Upton County lawfully
approve expenditures made by
the sheriff in the year 1941
and release the sheriff and
his bondsmen from their lia-
bility?

   Your letter of April 7, 1943, requesting the opin-
ion of this department on the above stated question reads in
part as follows:

   "I desire an opinion concerning the authority
of the commissioners court. The facts are as fol-
lows:

   "The sheriff of Upton County failed to file
his monthly reports of the expenditures of his
office and of course the commissioners court of
Upton County did not approve same. Now outside
auditors have made an audit of said county and
in the report they refuse to give the sheriff's
office credit for expenditures not filed in month-
ly reports and approved by said commissioners
court.

   "THE QUESTION: Can the present commissioners
court lawfully approve expenditures made by the
sheriff in the year 1941 and release the sheriff
and his bondsmen from their liability.

   ". . . ."

The sheriff as well as all other county officials of Upton County was compensated on a fee basis for the year 1941.

Section (a) of Article 3899, Vernon's Annotated Civil Statutes, applicable to fee offices of the county, requires each officer named in the maximum fee law (now Articles 3883-3891, Vernon's Annotated Civil Statutes, as amended) to make a monthly itemized and sworn statement of all of the actual and necessary expenses incurred by such officer in the conduct of his office.

The case of Pierson v. Galveston County, 131 S.W. (2) 27, among other things, holds that a justice of the peace was not entitled to recover from the county items of expenses claimed for postage, traveling expenses and messenger service during certain years in office, where the justice of the peace did not render monthly statements of such expenses as required by Article 3899, Vernon's Annotated Civil Statutes. In this case the justice of the peace merely filed annual reports estimating the expenses in lump sum amounts. We quote from this case as follows:

". . . . Pierson made no monthly statements as required in the following portions of R.C.S., Article 3899: At the close of each month of his tenure of such office each officer whose fees are affected by the provisions of this law shall make as a part of the report now required by law, an itemized and sworn statement of all the actual and necessary expenses incurred by him in the conduct of his office, such as stationary, stamps, telephone, traveling expenses and other necessary expense. If such expenses be incurred in connection with any particular case such statement shall name such case. Such expense account shall be subject to the audit of the county auditor, if any, and if it appears that any item of such expense was not incurred by such officer, or that such item was not necessary thereto, such item may be by such auditor or court rejected. In which case the correctness of such item may be adjudicated in any court of competent jurisdiction. . . .

"The manifest purpose of this statute was to provide a means of ascertaining the correctness of expense items each month as they are incurred. The actual expenses paid or incurred constitute the

measure of the official's right to recoupment. The monthly itemization is for the protection of the county by affording a means of ascertaining the fact and the amount of such claimed item of expense and whether it was properly chargeable as such. It is manifest from the annual reports and confirmed by the evidence that these expenses were merely estimated and a lump sum given each year. The statute would be of no value if its salutory provisions could be evaded in this manner. We hold the items properly disallowed by the commissioners' court, and the trial court's judgment correct in denying recovery therefor."

In view of the foregoing you are advised that it is our opinion that the commissioners' court of Upton County cannot legally approve and allow expenditures made by the Sheriff in the year of 1941 where the Sheriff failed to file sworn monthly statements of all of his actual necessary expenses incurred by him in the conduct of his office as provided by law.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/

Ardell Williams
Assistant

AW: mp

APPROVED APR 19, 1943
Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED OPINION COMMITTEE
BY BWB CHAIRMAN

WJF

AW: mw